[S. C., 2 Tenn. 9.]
Ejectment, plea not guilty. — The lessor of the plaintiff claimed under a grant upon a county warrant for 262 acres to Jacob Warmack, dated the 24th of October, 1782. A deed from Warmack to himself was produced.
The defendant claimed under a grant to William Richie, upon a county warrant for 300 acres, dated the 18th of November, 1788, describing certain metes and bounds. Inman conveyed the same to M'Namee, by deed of the 19th of September, 1789, and M'Namee conveyed to the defendant 230 acres part of the 300 acres by deed dated the 23d of May, 1793.
This cause was lengthily and ingeniously argued *Page 287 
by Campbell and Kennedy for the plaintiff, and White and Williams for the defendant.
The defendant relied on the statute of limitations, seven years' possession with color of title.
To this the plaintiff's counsel objected, that the defendant could not avail himself of this defence, because he could not show a regular chain of title from the grantee, Richie, to himself. At the time Richie conveyed to Inman, 6th November, 1788, he had no title himself, and consequently could not convey any. Richie did not get a title by grant from the State until twelve days after he conveyed to Inman. The deed might operate as a covenant to convey, but nothing more. The Act of 1797, c. 43, § 4, has these words: "that in all cases where any person or persons shall have had seven years' peaceable possession of any land by virtue of a grant, or deed of conveyance founded upon a grant, and no legal claim by suit in law by such person set up to the said land within the above said time, that then in that case the person or persons so holding possession as aforesaid shall be entitled to hold possession in preference to all other claimants such quantity of land as shall be specified in his, her, or their said grant or deed of conveyance founded on a grant as aforesaid; and any person who snail neglect for the said term of seven years from the time of such peaceable possession having been obtained to avail themselves of any title or legal claim which he, she, or they have to any land within this State, shall, and are hereby, declared to be for ever barred." with a proviso in favor of minors, c.
This act is explanatory of the Act of 1715, c. 27, Ird. 12. It clearly shows what the understanding of the legislature was, and as such is a safe guide. The act contemplates only such possessions as are covered by a grant, or a deed of conveyance founded on a grant. Now it is manifest that the conveyance from Richie to Inman was not founded on a grant, because he had no grant at the time the conveyance was made to found a deed on. This being the case, any subsequent conveyance through Inman could not be founded on a grant. The foundation being taken away the superstructure must fall. *Page 288 
WHITE, e contra. — The defendant took possession in the fall 1793, and has continued that possession until now; the writ did not issue until the 8th of September, 1802. It is true that Richie did not obtain a grant from the State for twelve days after he had conveyed to Inman; but it is sufficient to give color of title, which is sufficient to cover the possession. If a person out of possession leases to another, the lessor is estopped, 3 Cun. Bac. 441. If we cannot avail ourselves of possession we would be in a worse situation than a mere tenant at will. The Act of 1715, c. 27, § 2, respects imperfect titles already obtained. Sect. 3 as levelled against plaintiffs, or those who wish to oust possessors. In this section the situation of the claim of the possessor is not taken into consideration at all. No matter what kind of claim the defendants may have, the plaintiff is barred if he does not assert his claim within seven years.
Verdict for the defendant, — upon which there was a rule for a new trial; previous to the disposition of the rule, the judges delivered their opinions, which included their reasoning in the charge to the jury. In this charge, however, Campbell, J., stated that he was inclined to think with the plaintiff's counsel.
did not give any opinion at that time.